## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| BRIAN J. MARTIN AND YAHMI NUNDLEY, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>TROTT LAW P.C. (f/k/a TROTT & TROTT, P.C.), DAVID A. TROTT, JANE DOE, and JOHN DOE,<br><br>             Defendants. | Case No.: 2:15-cv-12838-DML-DRG<br>Hon. Judge David M. Lawson<br>Magistrate David R. Grand |

## DEFENDANT TROTT LAW, P.C.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Trott Law, P.C. (f/k/a Trott & Trott, P.C.) ("Defendant"), submits this Answer to Plaintiff's First Amended Complaint and Affirmative Defenses. Defendant denies each and every allegation in the Complaint unless otherwise set forth in this Answer.

### INTRODUCTION

1.    This paragraph contains no allegations against Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits, upon information and belief, that the FDCPA as enacted became effective

in March 1978. Defendant admits that Plaintiff has accurately quoted a portion of the FDCPA. The remaining allegations are denied.

2.      This paragraph contains no allegations against Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits, upon information and belief, that the MOC and RCPA were enacted by the Michigan Legislature in 1980 and 1981, respectively. The remaining allegations are denied.

3.      It is admitted only that Robert A. Trott, a Professional Corporation, was formed in 1983, that Robert A. Trott, a Professional Corporation, changed its name to Trott and Trott, a Professional Corporation in 1986, and changed its name to Trott & Trott, P.C., in 1996. The remaining allegations are denied.

4.      Denied.

5.      Defendant admits that the "least sophisticated consumer" standard has been applied by courts, in certain contexts, to claims under the FDCPA.  The remaining allegations are denied.

6.      Denied.

7.      Denied.

8.      Denied.

**JURISDICTION AND VENUE**

9.      Denied.

10.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, and for jurisdictional purposes only, Defendant admits that this Court has jurisdiction over claims arising under the FDCPA and may exercise jurisdiction over Plaintiffs' state law claims.

11.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that its principal place of business is located in this district and that it conducts business in this district.

## PARTIES AND AFFILIATES

12.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

13.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

14.     Admitted, in part. Defendant denies that Trott & Trott, P.C. and Trott Law, P.C. are the same entity.

15.     Admitted.

16.     Admitted.

17.     Upon information and belief, admitted.

18.     It is admitted only that Congressman Trott was the majority shareholder of Trott & Trott, P.C., from 1988 to 2014, and was, on information and belief, president of Trott & Trott, P.C., from 1992 to June 1, 2011. The remaining allegations are denied.

19.     Admitted.

20.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

## TROTT PC'S DOMINANCE OF THE MICHIGAN FORECLOSURE INDUSTRY AND THE NATURE OF ITS BUSINESS

21.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

22.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

23.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

24.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

25.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

26.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

27.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

28.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

29.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

30.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

31.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

32.     Denied.

33.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

34.     Defendant admits, only, that Defendant and Congressman David Trott owned membership interest in APC. The remaining allegation are denied.

35.     Upon information and belief, admitted.

36.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

37.     Defendant admits that it entered into a contract with APC, only. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

6

38.     Defendant admits that it sold a portion of its interest in APC to Dolan Media Group around the same time that Congressman David Trott sold a portion of his interest in APC to Dolan Media Group. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

39.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

40.     Defendant admits that it sold a portion of its interest in APC to Dolan Media Group around the same time that Congressman David Trott sold a portion of his interest in APC to Dolan Media Group. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

41.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

42.     Defendant admits that both Defendant and APC had offices at 31440 Northwestern Highway, Farmington Hills, Michigan, and that the building is owned by NW13, LLC. Defendant neither admits nor denies the allegations in this

paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

43.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

44.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

45.    Admitted, in part. Defendant denies that that the address is in the same office building as Defendant.

46.    Upon information and belief, admitted.

47.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

48.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

49.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

50.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

51.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

52.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

53.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

54.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

55.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

56.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

57.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

58.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

59.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

60.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

61.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

62.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

## THE TROTT PC FORECLOSURE LETTER

63.     Admitted as to Defendant, only.

64.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

65.     Admitted as to Defendant, only.

66.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

67.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

68.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

69.     Defendant admits that certain letters are referred to, from time to time, as "default templates" by employees of Defendant. Defendant neither admits nor

denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

70.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

71.     Denied.

72.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

73.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

## THE MISLEADING CHARACTER OF THE TROTT PC FORECLOSURE LETTER

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Admitted.

79.     Defendant admits that Mr. Wayne provided certain testimony but denies that Plaintiffs have cited all of Wayne's testimony. Defendant neither

admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

80. Defendant admits that Mr. Wayne provided certain testimony but denies that Plaintiffs have cited all of Wayne's testimony. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

81. Denied.

82. Denied.

83. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

84. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

85. Denied.

86. Denied.

87. The statute speaks for itself.

88. The statute speaks for itself.

89.     Denied.

90.     Denied.

91.      Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

**Violation of 15 U.S.C. § 1692g(a)(1), § 1692f(1), and Michigan Collection Statutes**

97.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

98.     The statute speaks for itself.

99.     The statute speaks for itself.

100.     Defendant admits that it complied with 15 U.S.C. § 1692g as and when required to do so. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

101.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

102.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

103.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

104.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

105.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

106.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

107.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

108.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

109.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

110.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

111.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

112.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

113.    The statute speaks for itself.

114.   Defendant admits that Mr. Wayne provided certain testimony but denies that Plaintiffs have cited all of Wayne's testimony. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

115.   Defendant admits that Mr. Wayne provided certain testimony but denies that Plaintiffs have cited all of Wayne's testimony. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

116.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

117.   Denied.

118.   Denied.

## OVERSHADOWING

119.   The statute speaks for itself.

120.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

17

121.   Defendant admits that Plaintiffs have quoted a portion of Exhibit A. The remaining allegations are denied.

122.   This paragraph contains no allegations against Defendant and, therefore, no response is required.

123.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

124.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

125.   Denied.

126.   Denied.

**WILLFULNESS**

127.   The cited opinion speaks for itself.  Defendant, otherwise, denies that Plaintiffs have fairly or accurately paraphrased the opinion.

128.   The cited opinion speaks for itself.  Defendant, otherwise, denies that Plaintiffs have fairly or accurately paraphrased the opinion.

129.   The cited opinion speaks for itself.  Defendant, otherwise, denies that Plaintiffs have fairly or accurately paraphrased the opinion.

130.   The cited opinion speaks for itself.  Defendant, otherwise, denies that Plaintiffs have fairly or accurately paraphrased the opinion.

131.   Admitted.

132.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

133.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

134.   Defendant admits, only, that Plaintiffs have accurately quoted a portion of Exhibits A and B and that such disclosures are required by the FDCPA.

135.   Denied.

136.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

137.   Denied.

138.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

143.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

144.   Denied in the manner and form set forth.

145.   Defendant admits, only, that Judge Duggan entered an opinion dated July 7, 2010, in the matter of *Kevilinghan v. Trott & Trott PLLC*, 771 F. Supp.2d 763 (E.D. Mich. 2010) and that Plaintiffs have accurately recited some but not all of the opinion.

146.   Denied.

## INDIVIDUAL RESPONSIBILITY OF DAVID TROTT

147.   Upon information and belief, admitted.

148.   Admitted, upon information and belief, as to Congressman David Trott's interest. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

20

149.   Denied.

150.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

151.   Denied.

152.   Denied.

153.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

## CLASS ALLEGATIONS

154.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of a class is proper.

155.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of a class is proper.

156.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

157.   This paragraph contains no allegations against Defendant and, therefore no response is required. To the extent a response is required, Defendant

lacks information or belief to whether such reservation of rights is appropriate or permissible.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

169.   Defendant admits that Plaintiffs request declaratory relief on behalf of themselves and others but denies that such relief is appropriate.

## COUNT I

170.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

171.   Defendant admits, only, that it has been retained at various times to commence foreclosure proceedings.

172.   Defendant admits that it sometimes acts as a "debt collector" as that term is defined in the FDCPA.

173.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

174.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT II

179.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

180.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

181.   Denied.

182.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT III

193.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

194.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

195.   Denied.

196.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT IV

197.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

198.   Denied.

25

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

### COUNT V

199.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

200.   Denied.

201.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

### COUNT VI

202.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

203.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of

Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT VII

204.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

205.   Denied.

206.   Admitted as to 28 U.S.C. § 2201, only.

207.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

Defendant Trott Law P.C., for its affirmative defenses, states:

1.   Plaintiffs have failed to state a claim against Defendant upon which relief can be granted.

2.   Some or all of the claims set forth in Plaintiffs' Complaint are barred by the applicable statute of limitations.

3.   Defendant was not acting as a "debt collector" as defined in the FDCPA.

4.      Defendant is not a "regulated person" under the MCPA.

5.      Defendant asserts, without admitting liability, that if Defendant conduct violated the law, such conduct was not intentional.

6.      Any corresponding violation of the law was an unintentional, bona fide-error that occurred despite the maintenance of procedures reasonable adapted to avoid such violations.

7.      Plaintiff's claims may be precluded, in whole or in part, by estoppel, waiver, consent, laches and/or unclean hands.

8.      Defendant asserts, without admitting liability, that Plaintiff's claims may be precluded, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's damages, if any.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgement in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: December 21, 2015          colson@olsonlawpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

<u>/s/ Charity A. Olson</u>
Charity A. Olson (P68295)
OLSON LAW GROUP