## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRIAN J. MARTIN AND YAHMI
NUNDLEY, individually and on behalf
of all others similarly situated,

         Plaintiff,

v.

TROTT LAW P.C. (f/k/a TROTT &
TROTT, P.C.), DAVID A. TROTT,
JANE DOE, and JOHN DOE,

         Defendants.

Case No.: 2:15-cv-12838-DML-DRG
Hon. Judge David M. Lawson
Magistrate David R. Grand

---

### DEFENDANT TROTT LAW, P.C.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Trott Law, P.C. (f/k/a Trott & Trott, P.C.) ("Defendant"), submits this Answer to Plaintiff's First Amended Complaint and Affirmative Defenses. Defendant denies each and every allegation in the Complaint unless otherwise set forth in this Answer.

1.    This paragraph contains no allegations against Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits, upon information and belief, that the FDCPA as enacted became effective

in March 1978. Defendant admits that Plaintiff has accurately quoted a portion of the FDCPA. The remaining allegations are denied.

2.      This paragraph contains no allegations against Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits, upon information and belief, that the MOC and RCPA were enacted by the Michigan Legislature in 1980 and 1981, respectively, to regulate collection activity in Michigan. The remaining allegations are denied.

3.      It is admitted only that Robert A. Trott, a Professional Corporation, was formed in 1983, that Robert A. Trott, a Professional Corporation, changed its name to Trott and Trott, a Professional Corporation in 1986, and changed its name to Trott & Trott, P.C., in 1996. The remaining allegations are denied.

4.      Denied.

5.      Defendant admits that the "least sophisticated consumer" standard has been applied by courts, in certain contexts, to claims under the FDCPA.  The remaining allegations are denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

9.      Denied.

2

10.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over claims arising under 15 U.S.C. §1692 *et seq*. Defendant denies that Plaintiffs have Article III standing or that this Court should exercise jurisdiction over Plaintiffs' state law claims. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

11.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over claims arising under 15 U.S.C. §1692 *et seq*. Defendant denies that Plaintiffs have Article III standing or that this Court should exercise jurisdiction over Plaintiffs' state law claims.

12.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant admits that its principal place of business is located in this district and that it conducts business in this district. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of

3

knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

13.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

14.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

15.    Admitted, in part. Defendant denies that Trott & Trott, P.C. and Trott Law, P.C. are the same legal entity.

16.    Admitted.

17.    Admitted.

18.    Defendant admits, only, that it is a law firm. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

19.    Upon information and belief, admitted.

20.    Defendant admits, only, that Mr. Trott was the majority shareholder of Trott & Trott, P.C., from 1988 to 2014, and was President of Trott & Trott, P.C., from 1992 to June 1, 2011. Defendant denies the remaining allegations in this paragraph.

4

21.    Admitted.

22.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

23.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

24.    Upon information and belief, admitted.

25.    Upon information and belief, admitted.

26.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

27.    Upon information and belief, admitted.

28.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

29.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

30.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

31.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

32.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

33.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

34.     Denied.

35.     Defendant admits, only, that APC provides mortgage default processing services to law firms. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

36.     Defendant admits, only, that Defendant and Mr. Trott owned membership interests in APC. Upon information and belief, the remaining allegations are denied.

37.    Upon information and belief, admitted.

38.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

39.    Upon information and belief, admitted.

40.    Defendant admits that it sold a portion of its interest in APC to Dolan Media Group around the same time that Mr. Trott sold a portion of his interest in APC to Dolan Media Group. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

41.    Denied.

42.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

43.    Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

44.    Defendant admits that both Defendant and APC had offices at 31440 Northwestern Highway, Farmington Hills, Michigan, and that the building is owned by NW13, LLC. Defendant neither admits nor denies the allegations in this

paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

45.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

46.     Admitted, as to the sublease of space at 31440 Northwestern Highway, Farmington Hills, Michigan, only. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

47.     Admitted, in part. Defendant denies that that the address is in the same office building as Defendant.

48.     Upon information and belief, admitted.

49.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

50.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

51.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

52.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

53.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

54.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

55.     Defendant admits that it owned an interest in NDeX until February 2008. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

56.     Upon information and belief, admitted.

57.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

58.     Upon information and belief, admitted.

59.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

60.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

61.     Defendant admits, only, that it was retained to conduct thousands of foreclosures between 2008–2012, the exact number of which is still being determined.

62.     Admitted.

63.     Defendant admits, only, that it was retained to conduct thousands of foreclosures between 2008–2012, the exact number of which is still being determined.

64.     Defendant admits that it sent written notices to mortgagors during the relevant time period containing the information set forth in subparagraphs a-e and which contained the typographic text "Trott & Trott, P.C." or "Trott Law PC." Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

65.     Defendant admits, only, that it caused Exhibit A to be sent to Plaintiff Martin. Defendant denies that Mr. Trott caused Exhibit A to be sent to Plaintiff Martin. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

66.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations except to state that Exhibit A speaks for itself.

67.     Defendant admits, only, that it caused Exhibit B to be sent to Plaintiff Nundley. Defendant denies that Mr. Trott caused Exhibit B to be sent to Plaintiff Nundley. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

68.     The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a

11

reasonable belief as to the truth of the allegations except to state that Exhibit B speaks for itself.

69.    Defendant admits, only, that it caused Exhibit C to be sent to Kathleen Marick who, upon information and belief, is now known as Plaintiff Kathleen Cadeau. Defendant denies that Mr. Trott caused Exhibit C to be sent to Plaintiff Cadeau. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

70.    The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations except to state that Exhibit C speaks for itself.

71.    Defendant admits that it caused Exhibits A, B and C, which are based on templates used by Defendant to correspond with mortgagors, to be sent to Plaintiffs. Defendant denies that Mr. Trott caused Exhibits A, B and C to be sent to Plaintiffs. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

72.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

73.     Defendant admits that certain letters are referred to, from time to time, as "default templates" by employees of Defendant. Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

74.     Defendant admits, only, that account-specific information is provided to Defendant and included in such letters.

75.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

76.     Defendant admits that written notices sent to mortgagors during the relevant time period contained, among other things, the information set forth in subparagraphs a-e, and sometimes contained the designation and signature block quoted in subparagraphs g and h. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

77.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Admitted.

85.     Defendant admits that Mr. Wayne provided testimony in the *Wilson* matter, which has not been cited in its entirety, but which speaks for itself.

86.     Defendant admits that Mr. Wayne provided testimony in the *Wilson* matter, which has not been cited in its entirety, but which speaks for itself.

87.     Defendant denies that Plaintiffs have completely or accurately characterized the testimony of Mr. Wayne and further denies that Defendant's "processes" are devoid of meaningful attorney review.

88.     Denied.

14

89.     Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

90.     Upon information and belief, denied.

91.     Denied in the manner and forth set forth.

92.     Denied in the manner and forth set forth.

93.     Denied in the manner and forth set forth.

94.     The statute speaks for itself.

95.     The statute speaks for itself.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, denied.

104.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

105.   The statute speaks for itself.

106.   The statute speaks for itself.

107.   Defendant admits that it complied with 15 U.S.C. §1692g as and when required under the law. To the extent this paragraph implies (through use of the term "attempted") that Defendant's actions somehow violated 15 U.S.C. § 1692g, such allegations are denied.

108.   The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, the statute speaks for itself.

109.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

110.   Defendant admits that Plaintiffs have accurately quoted a portion of Exhibit A.

111.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

112.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

113.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

114.   Denied.

115.   Denied.

116.   Defendant admits that it caused Exhibit D, which speaks for itself, to be sent to Kevelighan.

117.   Defendant admits that it caused Exhibit D, which speaks for itself, to be sent to Kevelighan.

118.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

119.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

120.   The document speaks for itself.

121.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

122.   Denied.

123.   The statute speaks for itself.

124.   Defendant admits that Mr. Wayne provided testimony in the *Wilson* matter, which has not been cited in its entirety, but which speaks for itself.

125.   Defendant admits that Mr. Wayne provided testimony in the *Wilson* matter, which has not been cited in its entirety, but which speaks for itself.

126.   The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

127.   Denied.

128.   Denied.

129.   Admitted.

130.   Defendant denies that Plaintiffs have fairly or accurately paraphrased the opinion and, therefore, denies the allegations in this paragraph.

131.   Defendant denies that Plaintiffs have fairly or accurately paraphrased the opinion and, therefore, denies the allegations in this paragraph.

132.   Admitted as to Defendant, only. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

133.   Admitted, in part. The case was remanded for further proceedings.

134.   Admitted as to Defendant, only. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

135.   Defendant admits that Plaintiffs have accurately quoted the disclosure contained in Exhibits A, B and C.

136.   Denied in the manner and form alleged.

137.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations except to admit that Defendant has taken regular and ongoing steps to ensure compliance with applicable law throughout the relevant time period.

138.   Denied.

139.   Defendant admits that it sent Exhibit G.  Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Defendant admits that Judge Duggan issued the cited opinion. Defendant denies that Plaintiffs have fairly or accurately paraphrased said opinion. Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations

144.   Admitted as to Mr. Trott's ownership interest, only. Defendant denies the remaining allegations in this paragraph.

145.   Defendant neither admits nor denies the allegations in the first sentence for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations. Defendant admits that Mr. Trott was President until June 1, 2011. The remaining allegations in this paragraph are denied.

146.   Denied.

147.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

148.   Denied.

149.   Denied.

150.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

151.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of any proposed class is proper.

152.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of any proposed class is proper.

153.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of any proposed class is proper.

154.   Defendant admits Plaintiff brings this action on behalf of themselves and others but denies that certification of any proposed class is proper.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

163.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

164.   Defendant denies that certification of any proposed class is proper.

## COUNT I

165.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

166.   Admitted, as to Defendant, only.

167.   Admitted, as to Defendant, only.

168.   The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

169.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT II

174.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

175.   Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

176.   Denied.

177.   The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent a

response is required, Defendant neither admits nor denies the remaining allegations in this paragraph for lack of knowledge or sufficient information to form a reasonable belief as to the truth of the allegations.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT III

188.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

189.   Denied.

190.   Denied.

191.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT IV

192.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

193.   Denied.

194.   Defendant admits that the term "corporate advance" is not used in the referenced documents. Defendant denies that the inclusion of such amounts violates the law in any way.

195.   Denied.

196.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT V

197.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

198.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## COUNT VI

199.   Defendant reasserts its prior responses as if fully set forth in this paragraph.

200.   Denied.

201.   Defendant admits that Plaintiffs have accurately quoted a portion of the referenced statute.

202.   Denied.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

Defendant, Trott Law P.C., for its affirmative defenses, states:

1.      Plaintiffs have failed to state a claim against Defendant upon which relief can be granted.

2.      Plaintiffs lack Article III standing to proceed, individually or on behalf of the proposed classes, with regard to some or all of the claims set forth in the Complaint.

3.      Some or all of the claims set forth in Plaintiffs' Second Amended Complaint are barred by the applicable statute of limitations.

4.      Defendant is not a "regulated person" under the MCPA.

5.      Defendant asserts, without admitting liability, that if Defendant's conduct violated the law, such conduct was the result of an unintentional, bona fide-error that occurred despite the maintenance of procedures reasonable adapted to avoid such violations.

6.      Defendant asserts, without admitting liability, that if Defendant's conduct violated the law, such conduct was not willful.

7.     Plaintiffs have no actual damages traceable to the conduct of Defendant.

8.     Plaintiffs' claims may be precluded, in whole or in part, by estoppel, waiver, consent, laches and/or unclean hands.

WHEREFORE, Defendant, Trott Law, P.C., requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com

Dated: August 25, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
