UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. MARTIN, YAHMI NUNDLEY,
and KATHLEEN CADEAU,

       Plaintiffs,                            Case Number 15-12838

v.                                                     Honorable David M. Lawson

TROTT LAW, P.C. and DAVID A. TROTT,

       Defendants.
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR PARTIAL
## SEALING OF PLAINTIFFS' DEPOSITION TRANSCRIPTS

This matter is before the Court on the plaintiffs' motion to remove from the public record unredacted copies of transcripts of the plaintiffs' depositions that defendant David A. Trott filed in support of his motion to dismiss, and to allow the parties to file redacted copies of those transcripts that omit certain testimony concerning the personal medical and mental health history of the plaintiffs. The plaintiffs also ask that the Court enter an order placing under seal proposed redacted portions of the deposition testimony. The plaintiffs contend that sealing is warranted to protect the personal health information of the plaintiffs, and they argue that no injury to the public interest will result because their medical and mental health is not at issue in the case, they do not allege that they suffered any emotional injury as a result of the defendants' conduct, and no information in the portions of their testimony that they propose to seal is relevant to the claims or defenses of any party. The defendants do not oppose the plaintiffs' motion.

Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The courts have long recognized [] a 'strong presumption in favor

of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, No. 15-1544, --- F.3d ---, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165,1179 (6th Cir. 1983)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). The "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public' . . . even if neither party objects to the motion to seal." *Ibid.* (quoting *Brown*, 710 F.2d at 1176).

The Court finds that the plaintiffs have advanced sufficient compelling reasons to seal the testimony concerning their personal medical and mental health histories, particularly because there is no indication that any party intends to rely on that information in support of any claim or defense, the information is not otherwise relevant to the questions presented by this case, which concerns alleged violations of the Fair Debt Collection Practices Act, the plaintiffs do not allege that they suffered any mental or emotional harm as a result of the defendants' conduct, and the plaintiffs plausibly assert that they would suffer needless (and pointless) embarrassment as a result of having their personal medical and mental health treatment histories exposed to the public view. Moreover, the plaintiffs have asked the Court only to seal limited portions of their testimony, confined to no more than certain parts of six pages of the deposition transcripts. The Court finds that request to be appropriately narrowly tailored to withhold from public view only those limited portions of the

record that actually contain sensitive personal medical and mental health information, without compromising the public disclosure of the bulk of the plaintiffs' testimony.

Accordingly, it is **ORDERED** that the plaintiffs' motion to seal [dkt. #98] is **GRANTED**.

It is further **ORDERED** that the transcripts of the plaintiffs' depositions attached as Exhibits 1-3 of defendant David A. Trott's motion to dismiss [ECF Doc. No. 89-2, 89-3, 89-4] are **STRICKEN** from the record, and the Clerk of Court is directed to **REMOVE** the images of those documents from the CM/ECF system.

It is further **ORDERED** that those portions of the plaintiffs' deposition testimony that are indicated by redactions in the exhibits attached in support of the plaintiffs' motion to seal hereby are **SEALED**.

It is further **ORDERED** that the parties forthwith must confer and prepare properly fully redacted versions of the plaintiffs' deposition testimony, and the defendant thereafter promptly must file amended versions of his Exhibits 1-3 incorporating all of the agreed-upon redactions, and including none of the information placed under seal by this order.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: December 15, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2016.

    s/Susan Pinkowski
    SUSAN PINKOWSKI