IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

BRIAN J. MARTIN, et al.,

v.

TROTT LAW P.C., et al.,

    Defendants.

Case No. 2:15-cv-12838

Hon. David M. Lawson

Mag. Judge David R. Grand

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Paul F. Novak (P39524)
Diana Gjonaj (P74637)
MILBERG LLP
719 Griswold St., Suite 620
Detroit, MI  48226
Phone: (313) 309-1760
pnovak@milberg.com
dgjonaj@milberg.com

Daniel R. Karon
Beau Hollowell
KARON LLC
700 W. St. Clair Avenue, Suite 200
Cleveland, OH  44113
Telephone: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

*Counsel for Plaintiffs and the Proposed Class*

Charity A. Olson (P 68295)
OLSON LAW GROUP
2723 S State St, Suite 150
Ann Arbor, MI  48104
Phone: (734) 222-5179
colson@olsonlawpc.com

*Counsel for Trott Law, P.C.*

Joseph Aviv (P30014)
Bruce L. Segal (P36703)
HONIGMAN MILLER SCHWARTZ & COHN LLP
39400 Woodward Avenue, Suite101
Bloomfield Hills, MI  48304
Phone: (248) 566-8300
javiv@honigman.com
bsegal@honigman.com

*Counsel for David A. Trott*

**PLAINTIFFS' CITATION OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO DAVID TROTT'S SECOND MOTION TO DISMISS**

Plaintiffs, through their counsel, respectfully submit as supplemental authority in opposition to David Trott's motion (ECF Doc. # 89, at pp. 20-23) that this Court decline to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiffs' Michigan Regulation of Collection Practices Act ("RCPA") claims, Judge Tarnow's recent Order Granting Motion to Amend (Exhibit A, attached), in *Durham v. Schneiderman & Schneiderman, P.C.*, Case No. 16-11326 (Jan. 11, 2017) (citing cases). Judge Tarnow refused a similar argument to decline to exercise supplemental jurisdiction over RCPA claims, stating "[T]here is very little to suggest that the jury would be confused by the inclusion of the federal and state claims, especially since RCP A and FDCP A have been found to have extremely similar standards and have been considered simultaneously by courts in the past."

Dated: January 20, 2017

                                              Respectfully submitted,

                                              /s/ Andrew J. McGuinness
                                              Andrew J. McGuinness (P42074)
                                              ANDREW J. MCGUINNESS, ESQ.
                                              122 S. Main St., Suite 118
                                              P. O. Box 7711
                                              Ann Arbor, Michigan  48107
                                              Phone:  (734) 274-9374
                                              drewmcg@topclasslaw.com

Paul F. Novak (P39524)
Diana Gjonaj (P74637)
MILBERG LLP
719 Griswold St., Suite 620
Detroit, Michigan  48226
Phone: (313) 309-1760
pnovak@milberg.com
dgjonaj@milberg.com

Daniel R. Karon
Beau Hollowell
KARON LLC
700 W. St. Clair Avenue, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

*Counsel for Plaintiffs and the Proposed Class*

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the above date a copy of the foregoing was filed with the Court using the ECF system, which will send notification of such filing to all parties who have appeared through their attorneys of record.

*/s/ Andrew J. McGuinness*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD T. DURHAM,

    Plaintiff,

v.

SCHNEIDERMAN & SHERMAN, P.C.,

    Defendant.

_____/

Case No. 16-11326

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

### ORDER GRANTING MOTION TO AMEND [18]

On November 1, 2016, Plaintiff filed a Motion to Amend his Complaint, based on new Information provided in discovery [18]. Defendant responded on November 16, 2016 [20] and Plaintiff replied on November 21, 2016 [21]. For the reasons stated below, Plaintiff's Motion to Amend [18] is **GRANTED.**

### STANDARD OF REVIEW

Fed. R. Civ. Pro. 12(a)(2) provides that, when a Motion to Amend is filed more than 21 days after the Complaint is served, the Court may grant the Motion "when justice so requires." While motions to amend are frequently granted, they can be denied for a declared reason including:

1

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

A Court may decline to exercise supplemental jurisdiction over state laws claims that form the same case or controversy if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

## ANALYSIS

Plaintiff filed a class action complaint on April 12, 2016, alleging that Defendant's publication and posting of a foreclosure sale notices per MCL 600.3201, *et. seq.* violated the Fair Debt Collection Practices Act ("FDCPA"). On July 5, 2016, Plaintiff filed a first amended class action complaint. Following Defendant's discovery responses and a Rule 30b(6) deposition of Defendant's Officer and General Counsel, Plaintiff learned that the initial collection letter that

2

Defendant sends out prior to providing the Mortgage Sale Foreclosure Notices allegedly violate the FDCPA and Michigan law under the Regulation of Collection Practices Act (RCPA), MCL 445.251. Following this discovery, Plaintiff seeks to file a second amended complaint to encompass these new facts and charges.

Defendant opposes the Motion to Amend, arguing that the RCPA claim raises a novel and complex issue of state law that should not be decided by this Court, that parallel claims under the FDCPA and the RCPA risk jury confusion, and that the Motion should be denied because Plaintiff has already amended the complaint once. Therefore, Defendant requests that the Court deny exercising supplemental jurisdiction over the RCPA claim.

Federal courts have repeatedly acknowledged the similarities of the FDCPA and the RCPA. *See e.g. McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *9 (E.D. Mich. Dec. 10, 2007) (stating that the analysis of MCL §445.232(e) is similar to the FDCPA and noting that neither party identified any legal authority that distinguished between the applicable standard to the Michigan causes of actions from the federal standard); *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

3

Additionally, several Federal Courts have exercised supplemental jurisdiction over RCPA claims in cases where the FDCPA claims included letters that debtors received while attempts to foreclose on their houses were proceeding, despite the lack of state court precedent that Defendant outlines in its response. *See e.g. Martin v. Trott Law, P.C.*, No. 15-12838, 2016 WL 3997029 (E.D. Mich. July 26, 2016) (granting motion to amend to include FDCPA and RCPA claims regarding allegedly false and misleading letters sent to debtors prior to foreclosure); *Baltierra v. Orlans Assocs. PC*, No. 15-10008, 2015 WL 5836047, at *2 (E.D. Mich. Oct. 7, 2015), reconsideration denied, No. 15-10008, 2015 WL 6865908 (E.D. Mich. Nov. 9, 2015) (exercising supplemental jurisdiction over RCPA claim of violations of MCL §445.252 because they share the same factual basis as the FDCPA claim).

Plaintiff only obtained information regarding the deficiency in discovery, and there is ample precedent that federal courts have exercised supplemental jurisdiction over RCPA claims. Also, there is very little to suggest that the jury would be confused by the inclusion of the federal and state claims, especially since RCPA and FDCPA have been found to have extremely similar standards and have been considered simultaneously by courts in the past. *See Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov.

4

9, 2007). Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state RCPA claims.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint [18] is **GRANTED**.

**SO ORDERED**.

Dated: January 11, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge