UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. MARTIN, *et al.*,
    Plaintiffs,

v.

TROTT LAW, P.C., *et al.*,
    Defendants.

Case No. 2:15-cv-12838-DML-DRG

The Honorable David M. Lawson

Magistrate Judge David R. Grand

| | |
|---|---|
| Andrew J. McGuinness, Esq.<br>Andrew J. McGuinness (P42074)<br>Suite 118<br>122 South Main Street<br>Ann Arbor, Michigan 48107<br>Telephone: (734) 274-9374<br>drewmcg@topclasslaw.com<br><br>Karon LLC<br>Daniel R. Karon<br>Beau Hollowell<br>Suite 200<br>700 West St. Clair Avenue<br>Cleveland Ohio 44113<br>Telephone: (216) 622-1851<br>dkaron@karonllc.com<br>bhollowell@karonllc.com<br><br>Attorneys for Plaintiffs | Olson Law Group<br>Charity A. Olson (P68295)<br>Suite 150<br>2723 South State Street<br>Ann Arbor, Michigan 48104<br>Telephone (734) 222-5179<br>colson@olsonlawpc.com<br>tmyers@olsonlawpc.com<br><br>Attorneys for Defendant Trott Law, P.C.<br><br>Honigman Miller Schwartz and Cohn LLP<br>Joseph Aviv (P30014)<br>Bruce L. Segal (P36703)<br>Suite 101<br>39400 Woodward Avenue<br>Bloomfield Hills, Michigan 48304-5048<br>Telephone: (248) 566-8482<br>javiv@honigman.com<br>bsegal@honigman.com<br><br>Attorneys for Defendant David A. Trott |

# DEFENDANT DAVID A. TROTT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES AND BRIEF IN SUPPORT

24447777.2

Defendant David A. Trott by his attorneys, Honigman Miller Schwartz and Cohn LLP, opposes Plaintiffs' Motion to Extend Certain Pretrial Deadlines for the reasons set forth in his accompanying brief.

## BRIEF IN SUPPORT OF DEFENDANT DAVID A. TROTT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES

## ISSUE PRESENTED

Whether the Court should deny Plaintiffs' Motion to Extend Certain Pretrial Deadlines because it proposes an unreasonable, piecemeal approach to the pretrial schedule in this action?

    Mr. Trott answers:    Yes.

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. 16(a)

Fed. R. Civ. 16(c)(2)

## ARGUMENT

Defendant David A. Trott opposes the relief sought in Plaintiffs' Motion to Extend Certain Pretrial Deadlines ("Plaintiffs' Motion") for the following reasons:

1. Mr. Trott is *not* involved in the email and ESI discovery issues between Plaintiffs and Trott Law, P.C., that prompted Plaintiffs' Motion.[1] Nevertheless, Mr. Trott will be adversely affected by the relief Plaintiffs' Motion seeks.

2. The relief that Plaintiffs' Motion seeks – to "[s]uspend without date" only certain pretrial deadlines – while leaving in place fixed deadlines for the completion of discovery and filing of dispositive motions, is neither logical nor reasonable. This is especially true since Plaintiffs readily acknowledge in their motion that they "anticipate that it may be necessary to extend other pretrial dates once the status of ESI production is determined and deadlines are set for expert and class matters." (Pls.' Br. in Supp. at 6.)

3. Mr. Trott stipulated to Plaintiffs' previous request for an extension of dates because that stipulation expressly recognized the need for an extension of *all* dates, including the motion cut-off date, noting that:

> discovery is important to Plaintiffs' ability effectively to *notice and take depositions*; to select expert witnesses and to communicate the necessary topics and subject matter of their reports; to prepare and brief their upcoming motion for class certification, *and to prepare for dispositive motion practice* and trial."

---

[1] Mr. Trott left Trott Law. P.C., in late 2014. (2d Am. Compl. ¶ 21 (Dkt. # 41).)

1

(Dkt. #100 (Stip. for Extension of Scheduling Order Dates) at 3 (emphasis added).)

  a. Plaintiffs have not identified anything that has changed from the time of the previous stipulation to explain why, this time, they only seek to extend some dates, and not others. This, despite their knowledge that this is the reason Mr. Trott opposes the present request. (*See* Pls.' Motion ¶ 4.)

  b. Nor have Plaintiffs even attempted to explain why it makes sense to suspend, *without date*, the expert and class certification deadlines that currently *precede* the fixed discovery and dispositive motion cut-off dates, without also extending the fixed discovery and dispositive motion cut-off dates. This is particularly puzzling since Plaintiffs admit that they already anticipate the need to extend these other dates, as well. (Pls.' Br. in Supp. at 4.)

  4. Plaintiffs piecemeal approach to the scheduling order dates is unreasonable and contrary to the intent of Rule 16, which seeks to, among other things, "discourage[] wasteful pretrial activities" Fed. R. Civ. P. (a)(3), and facilitate "the just, speedy, and inexpensive disposition of the action." *Id.* 16(c)(4)(P).

  5. Extending without date, some, but not all, of the scheduling order dates is likely to cause Mr. Trott (and the other parties) to expend time and resources to prepare for and attend depositions that Plaintiffs schedule, take, and then claim a right to hold "open" or to "adjourn" until after receipt of the additional

2

emails and ESI that they seek. This has already happened twice so far, as Plaintiffs have deposed, and then, at the end of the day, claimed on the record a right to hold open and adjourn the depositions until the receipt of additional documents. (*See* Tr. of Dep. of Marcy Ford at 271; Tr. of Dep. of Michael K. McDermott at 250.)

6. Extending without date, some, but not all, of the scheduling order dates will also cause the parties to spend time and resources to prepare dispositive motions before knowing what, if any, expert issues are in question and before even knowing if this case will proceed as a class action or as an individual action, in which case, as Plaintiffs admit, their FDCPA damages are capped at $1,000 apiece.

WHEREFORE, Mr. Trott asks the Court to deny the piecemeal relief sought in Plaintiffs' Motion and to grant other relief that the Court deems proper.

Honigman Miller Schwartz and Cohn LLP
Attorneys for Defendant David A. Trott

By: /s/ Bruce L. Segal
Joseph Aviv (P30014)
Bruce L. Segal (P36703

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants, and I hereby certify that I have mailed the foregoing paper by United States Postal Service to the following non-ECF participants: None.

        Honigman Miller Schwartz and Cohn LLP
        Attorneys for Defendant David A. Trott

By:   /s/ Bruce L. Segal
       Joseph Aviv (P30014)
       Bruce L. Segal (P36703)
       Suite 101
       39400 Woodward Avenue
       Bloomfield Hills, Michigan 48304-5048
       Telephone: (248) 566-8482
       javiv@honigman.com
       bsegal@honigman.com