IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| Brian J. Martin, et al., individually and on behalf of all others similarly situated, | Case No. 2:15-cv-12838 |
| v. | Hon. David M. Lawson |
| Trott Law P.C., et al., | Mag. Judge David R. Grand |
| Defendants. | |

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Andrew N. Friedman (*admission pending*)
Sally M. Handmaker (*admitted*)
COHEN, MILSTEIN, SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500
Washington, DC  20005
Phone: (202) 408-4600
afriedman@cohenmilstein.com
shandmaker@cohenmilstein.com

Daniel R. Karon (*admitted*)
Beau Hollowell
KARON LLC
700 W St Clair Ave, Suite 200
Cleveland, OH  44113
Phone: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

*Counsel for Plaintiffs and the Proposed Class*

Charity A. Olson (P68295)
BROCK & SCOTT PLLC
2723 S State St, Suite 150
Ann Arbor, MI  48104
Phone: (734) 222-5179
charity.olson@brockandscott.com
*Counsel for Trott Law, P.C.*

Joseph Aviv (P30014)
Bruce L. Segal (P36703)
HONIGMAN MILLER SCHWARTZ & COHN LLP
39400 Woodward Ave, Suite101
Bloomfield Hills, MI  48304
Phone: (248) 566-8300
javiv@honigman.com
bsegal@honigman.com

*Counsel for David A. Trott*

**STATUS REPORT RE. DEFENDANT TROTT LAW'S ESI PRODUCTION**

Pursuant to this Court's August 1, 2017, Order (ECF No. 131 at 2), Plaintiffs submit their portion of the parties' Joint Status Report re. ESI.

*Plaintiffs' Submission:*

Background.  The Court's ESI order required Trott Law to "provide a list of proposed search terms to the requesting Party" by October 3, 2016 and, five days later, "a search term hit list or hit report *after global de-duplication . . .*" ECF No. 73 at Section 6(a)(iii) (emphasis added).  In mid-October 2016, Trott Law provided a list of terms copied from the complaint and Plaintiffs' first and second document requests.  Plaintiffs revised the terms to reflect standard, Boolean searches and limit application of the search terms to certain custodians. *See id.* at Sections 3(a) & 7(b). Trott Law later said Boolean and custodian-specific searches were impossible and ran search terms based on the first two Requests for Production only despite these issues and service of additional discovery.[1] Trott Law also refused to include search terms based on deposition testimony.

Trott Law now represents that the total universe of searchable data is 56 million documents.  In contravention of the ESI Order, Trott Law produced on August 16, 2017, a non-deduplicated "complete" hit report based on search terms initially negotiated in fall 2016.  That report shows some 13 million hits.

---

[1] Plaintiffs asked Trott Law on August 23, 2017, whether custodian searches are now possible; Trott Law has agreed to check and report back.

1

Conferences. During a August 23 conference call, Trott Law asked Plaintiffs for a proposal for revising the search terms. On that call, Plaintiffs' consultant proposed the following: both parties would suggest modifications to the 20 search terms that generated the highest number of hits. Trott Law would also suggest revisions for the half of the remaining list with the largest number of hits, and Plaintiffs would suggest revisions search terms generating the smallest number of hits. Counsel for Trott Law did not accept or reject this proposal at that time.

A week later, Trott Law stated that it was rejecting Plaintiffs' approach to narrowing and improving the quality of the hits. In a second conference call on September 1, it laid out its unilateral decision to implement "search term optimization," beginning with the selection of a random sample of 5,000 documents drawn from the full population of documents available (all 56 million). It said its reviewers would then code these 5,000 documents for "responsiveness." Counsel for Trott Law did not identify how she would define "responsiveness."[2] Trott Law's vendor described this as a "generic" methodology not specially designed for this case.[3] Plaintiffs believe this approach does not comply with the ESI order and will result in an excessive number of irrelevant documents being

---

[2] This contravenes the ESI Order's requirement that "[p]rior to implementing a search methodology, the producing party will notify the opposing Party with ample time to meet and confer in good faith . . ." ECF No. 73 at Section 6(b).

[3] Trott Law did not explain why this "generic" approach could not have been proposed and negotiated months earlier, or why it refused to negotiate it now.

2

reviewed. *See, e.g.,* ECF No. 73 at Section 6(a)(v) (requiring sampling based on de-duplicated data and "unique hits"). Trott Law predicted that its approach would cause it to miss the Court's September 7, 2017, deadline for a final hit report.

Trott Law stated unequivocally that Plaintiffs would have no input into the coding instructions, and again rejected Plaintiffs suggestion that the parties attempt to update and refine the search terms before conducting a qualitative review.

A day later, Trott Law informed Plaintiffs that review had begun and coding for "responsiveness" was based primarily on the 2016 search terms. Plaintiffs noted several flaws in this approach, namely: not including all pending Requests for Production; the evident need to revise (and narrow) search terms based on the initial "complete" hit report produced August 16; not permitting any filtering by custodian; and especially not using any RFPs as the basis of a determination whether a given document is deemed "responsive."

Next Steps. Trott Law estimates completing first-level review of the random sample by September 11, and then beginning a second-level review. Counsel for Trott Law states she has a trial the week of September 11, so presumably will begin her second-level review no sooner than September 18. Several steps after this review must be accomplished to generate an updated agreed hit report.

Plaintiffs respectfully request this Court's intervention to ensure that (1) the parties initially modify the search terms to narrow or eliminate overbroad search

terms and include additional terms whose significance have become evident since last year; (2) Trott Law bases its "responsiveness" coding on Plaintiffs' document requests themselves, as updated to reflect additional discovery; and (3) Trott Law accommodates Plaintiffs' request for custodian-specific searches. Plaintiffs also request that the Court set dates certain by which:

- Trott Law will finish review of the initial 5,000 document random sample;

- Trott Law will provide the subset of documents tagged as "responsive" in the initial review to Plaintiffs, after reviewing for privilege, and provide a privilege log of any documents are withheld on the basis of privilege;

- The parties will exchange revised search terms with the goal of maximizing the responsiveness of the documents populated; and

- Trott Law will complete its validation review of the agreed-upon revised search terms.

*Trott Law's Submission:*

Trott Law has worked diligently to identify and assemble electronically stored information (ESI) for the purpose of producing the ESI "hit list" contemplated by the Court's ESI Order. Such efforts are well-documented and need not be repeated in this status report.

On August 1, 2017, the parties appeared for a status conference with the Court to discuss, *inter alia*, Trott Law's continued progress toward completing its ESI production. At such conference, the parties proposed, and this Court agreed, that Trott Law would deliver its initial hit report to Plaintiffs by August 17, 2017.

The parties further agreed that they would meet and confer, thereafter, to refine the search terms necessary to produce a final hit report on or before September 7, 2017.

On August 16, 2017, Trott Law delivered the initial hit report to Plaintiffs identifying more than 52 million documents <u>based on Plaintiffs' list of search terms</u>. The number of total documents with hits, including families, surpasses 12 million documents. Such results make clear that <u>Plaintiffs' list of search terms</u> – for which Trott Law has now spent extensive time and resources trying to generate an initial hit report – are not formulated to find documents which are actually responsive to the claims and defenses in this case.

On August 17, 2017, Plaintiffs proposed a call on August 23, 2017 to discuss the initial hit report in contravention of the ESI Order requiring such meeting to occur within five (5) days of production of the initial hit report. See ESI Order Section 6(a)(iii) (Doc. 73). At no time prior to the August 23, 2017 ESI conference did Plaintiffs' counsel provide preliminary feedback or request any additional information regarding the initial hit report delivered to Plaintiffs on August 16, 2017.

On August 23, 2017, counsel appeared for a telephonic meet and confer conference joined by members of their respective ESI teams. Notably, Plaintiffs' counsel requested and was provided with a de-duplication chart during the call – an

issue which was not raised at any time between August 16 – 23, 2017.

Despite being in the possession of the initial "hit list" for seven (7) days as of August 23, 2017, and presumably having consulted with their ESI expert, Paul McAvoy, during such time, Plaintiffs proposed for the very first time during the call a refinement proposal by which Plaintiffs would take the "bottom half" of the initial hit report and Trott Law would take the "top half" of the initial hit report and *blindly* modify the same search terms that have already produced an inordinate amount of useless documents.

Defense counsel requested additional time to consult with Trott's ESI vendor, DiscoverReady, regarding Plaintiffs' newly hatched proposal. Considering the fact that Plaintiffs' counsel, themselves, had a week to formulate and then unveil such proposal with the benefit of their own ESI team, defense counsel requested the same courtesy.

Thereafter, on September 1, 2017, counsel and their ESI teams convened for a second call to discuss Trott Law's search term optimization ("STO") proposal.

Notably, Trott Law's STO proposal to manually review a random sample of 5,000 documents drawn from available documents to better gauge responsiveness was expressly contemplated by the parties in the ESI Order, which provides:

> If the producing party contends that terms proposed by the requesting party would recall an excessive number of documents, the producing party should draw random sample of unique hits and perform a review to determine how the term can be narrowed to get responsive

> documents. The responsive documents from that review should be shared with the requesting party so they can assist with the term modification process. This process shall repeat as necessary to determine a final list of terms to be run.

See, ESI Order, Section 6(a)(v).

The ESI Order also provides, in relevant part, that "the responsive documents from that review should be shared with the requesting party so they can assist with the term modification process. This process shall repeat as necessary to determine a final list of terms to be run." *Id*.

Counsel and their respective ESI teams discussed the proposal at length during the September 1, 2017 call and agreed that DiscoverReady would spend the weekend pulling the random sample of 5,000 documents so the review process could proceed on September 5, 2017. Trott Law's counsel, in turn, spent the weekend developing the necessary review protocol in advance of the September 5, 2017 start date to ensure that there would be no delay to commencement of the STO process.

Trott Law also agreed, as expressly set forth in the ESI Order, to produce responsive documents from the STO process to Plaintiffs after review for privilege so Plaintiffs can assist with the search term modification process going forward. *Id*.

On September 5, 2017, counsel and Trott Law's ESI team, again, convened to discuss progress on the STO since the September 1, 2017 call. During the call, DiscoverReady confirmed that the document samples had been pulled and the

7

review process had been commenced that day as discussed on September 1, 2017.

Despite the fact that Plaintiffs' counsel were advised that Trott Law intended to proceed with the STO process as and when outlined on September 1, 2017, Plaintiffs' counsel offered no additional terms or suggested guidelines for the STO process during the September 1, 2017 call or at any other time prior to commencement of the review process on September 5, 2017.

On September 5, 2017 – after the STO process was well underway – Plaintiffs' counsel expressed doubts about the proposal but again offered no alternative other than the blind modification process previously proposed by Plaintiffs on August 23, 2017. Notably, Plaintiffs' ESI consultant did not participate in the September 5, 2017 call.

To the extent Plaintiffs' blind modification proposal takes place in a vacuum – as was the case when the search terms were originally devised – and is otherwise divorced from actual review of any of the documents at issue, such proposal will not enable the parties to (a) better understand why Plaintiffs' list of search terms are producing too many or too few hits; or (b) meaningfully modify the existing list of search terms to find documents which are responsive to the claims and defenses in this case.

On September 6, 2017, counsel and their respective ESI teams – including Plaintiffs' ESI consultant who was a no show for the September 5, 2017 call –

8

convened for a fourth call to discuss progress on the STO process and the timeline for privilege review, document production and further modification of the search term list.

Following such call, Plaintiffs' counsel indicated that a draft joint status report would be prepared and provided to defense counsel that evening or on the morning of September 7 to ensure adequate time for review, revision and filing.

On September 7, 2017, at approximately 2:43 pm, defense counsel's paralegal inquired as to the draft report which has not yet been circulated by Plaintiffs' counsel and was advised that the draft exceeded the page limits set forth by the Court and was being reworked. By 4:47 pm, defense counsel again inquired as to the status of the draft report noting that delivery of the report after hours would prevent any input from DiscoverReady. The draft report was finally delivered at 6:14 p.m. and is being filed without the benefit of any input from Trott Law's ESI team[4].

Trott Law's second level review will commence on September 11, 2017 after which the production and subsequent modification steps outlined above will be completed. Trott's counsel is no longer slated to be trial. However, Plaintiffs' counsel, Mr. McGuinness, will be out of town on vacation the week of September 11-15, 2017 which may delay feedback regarding suggested modifications to the

---

[4] Trott Law may seek leave to supplement this report if and as required.

search terms.

In the meantime, barring substantial progress and corresponding reduction to the number of documents at issue, Trott Law fully anticipates that it will seek relief from the Court including, but not limited to, reimbursement for costs associated with collection, review, or production of documents in this matter as contemplated in the ESI Order.

Dated: September 7, 2017

Respectfully submitted,

By: */s/ Andrew J. McGuinness*
Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI 48107

*Counsel for Plaintiffs and Proposed Class*

Sally M. Handmaker (admitted)
COHEN, MILSTEIN, SELLERS & TOLL PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
Phone: (202) 408-4600
shandmaker@cohenmilstein.com

*ESI Liaison and Co-counsel for Plaintiffs and the Proposed Class*

By: */s/ Charity A. Olson (w/ permission)*
Charity A. Olson (P68295)
BROCK & SCOTT, PLLC
2723 S. State, Ste. 150
Ann Arbor, MI 48104

*Counsel for Trott Law, P.C.*

<u>Certificate of Service</u>

  The undersigned, an attorney, hereby certifies that on the above date a copy of the foregoing was filed with the Court using the ECF system, which will send notification of such filing to all parties who have appeared through their attorneys of record.

<u>*/s/ Sally M. Handmaker*</u>