UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. MARTIN, YAHMI NUNDLEY,
and KATHLEEN CADEAU,

        Plaintiffs,                                     Case Number 15-12838
v.                                                     Honorable David M. Lawson

TROTT LAW, P.C. and DAVID A. TROTT,

        Defendants.
_____/

**ORDER STRIKING MOTION TO STRIKE CLASS ALLEGATIONS**

This matter is before the Court on defendant Trott Law, P.C.'s motion to strike from the complaint all of the allegations relating to putative class claims under the State of Michigan's Regulation of Collection Practices Act (RCPA). Defendant David Trott filed a notice of his concurrence in the request for relief stated in the motion. The defendants contend that the class allegations should be stricken because Michigan Court Rule 3.501(A)(5) bars the plaintiffs from proceeding in a class action on claims under the RCPA, and that "Michigan's prohibition on class relief for RCPA claims is a substantive right that would be grossly abridged and modified by the application of [Federal Rule of Civil Procedure 23] to the RCPA claims." However, the Court addressed that issue as it was raised in defendant David Trott's motion to dismiss or for summary judgment. In its July 12, 2017 opinion and order, the Court ruled as follows:

> [A]t the tail end of his reply brief, the defendant attempts to rouse the specter of looming "substantial questions" under state law as to whether the plaintiffs can proceed at all in a class action litigation to recover statutory damages only under the RCPA, in the face of a provision in a state court rule — Michigan Court Rule 3.501(A)(5). That argument is foreclosed, however, by well-established precedent holding that it is the federal procedural rules that govern cases in federal courts, not their state counterparts. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 416 (2010); *Am. Copper & Brass, Inc. v. Lake City Indus. Prod., Inc.*, 757 F.3d 540, 546 6th Cir. 2014) ("We agree with the district court's conclusion that

>MCR 3.501(A)(5) does not apply in this case."). The Sixth Circuit noted in *American Copper & Brass* that "the Supreme Court [has] held in a case involving a conflict between Rule 23 and a New York procedural rule prohibiting class actions in cases involving a statutory penalty [that] a 'Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping,'" and it "therefore reject[ed] [the defendant's] argument that the district court erred in declining to apply MCR 3.501(A)(5)." 757 F.3d at 546 (affirming denial of motion to dismiss class action claims under the TCPA premised on Mich. Ct. Rule 3.501(A)(5)) (citing *Shady Grove*, 559 U.S. at 416).

Op. & Order [127] at 26-27. The Court finds that the present motion is, in substance, an untimely attempt by the defendants to seek reconsideration of that ruling, and the Court therefore will strike the motion and notice of concurrence. *See* E.D. Mich. LR 7.1(h)(1)("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."). However, this action shall be without prejudice to the defendants' right to raise the issue, if it is pertinent, in any opposition to the plaintiffs' prospective motion for class certification.

Accordingly, it is **ORDERED** that the defendants' motion to strike class allegations [160] and notice of concurrence [161] are **STRICKEN**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 16, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI

---